NO. 07-04-0387-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 15, 2004



______________________________




DEHAVEN EYE CLINIC, P.A., AND DEHAVEN CATARACT


SURGERY CENTER, INC., APPELLANTS



V.



BETTY TURNER AND LARRY TURNER, APPELLEE




_________________________________



FROM THE 7TH DISTRICT COURT OF SMITH COUNTY;



NO. 03-0647-A; HONORABLE KERRY L. RUSSELL, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ON ORDER OF ABATEMENT AND REMAND


 On October 29, 2004, the parties, DeHaven Eye Clinic, P.A. and DeHaven Cataract
Surgery Center, Inc. and Betty Turner and Larry Turner filed a Joint Motion to Remand.

 The Court hereby grants the Motion to Remand and remands this case to the trial
court for entry of judgment or other order effecting the settlement agreement of the parties. 
Upon entry of such judgment or order, parties are directed to file the appropriate motion to
dismiss this appeal. 




 Phil Johnson

 Chief Justice






TYLE="font-family: Arial"> By letter dated September 27, 2004, the appellate clerk notified counsel for
appellant that appellant's brief was due to be filed no later than September 8, 2004, but
that no brief had been filed and no motion for extension of time for filing the brief had been
received. The clerk's letter set out that a satisfactory response to the letter was due no
later than October 7, 2004. No response has been received from appellant's counsel. 

 Appellant's counsel David Martinez is ordered to file appellant's brief in this matter
in such manner that the brief will be received by the appellate clerk no later than 5:00 p.m.
on November 22, 2004. Failure by counsel Martinez to file appellant's brief as directed
may result in one or more of the following: 

 1. A hearing requiring David Martinez to show cause why he should not be
held in contempt; 

 2. A complaint to the State Bar of Texas alleging professional misconduct; 

 3. Appropriate sanctions; or 

 4. Abatement to the trial court for appropriate action. 


 So ordered. 

 Per Curiam